**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WENDELL H. STONE COMPANY, INC. d/b/a/ STONE & COMPANY, individually and on behalf of all others similarly situated, </br></br>　　　　　　　Plaintiff, </br></br>　　v. </br></br>LKQ CORPORATION, a Delaware corporation, </br></br>　　　　　　　Defendant. | Case No. 16-cv-07648 </br></br> Honorable Matthew F. Kennelly |

**ORDER GRANTING PLAINTIFF'S MOTIONS FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT, AND GRANTING AS MODIFIED PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND INCENTIVE AWARD**

　　　　The Court has considered the Class Action Settlement Agreement entered into by Plaintiff Wendell H. Stone Company, Inc. d/b/a Stone & Company, individually and as Class Representative of the Settlement Class, and Defendant LKQ Corporation, as well as Plaintiff's Motion for Final Approval of Class Action Settlement (dkt. 34), Plaintiffs' Motion for Attorney Fees and For Reimbursement of Costs and for the Class Representative's Incentive Award (dkt. 28), together with all exhibits thereto, the arguments and authorities presented by the Parties and their counsel at the Fairness Hearing held on May 4, 2017, and the record in the Action, and good cause appearing, It is hereby ORDERED, ADJUDGED, and DECREED THAT:

　　　　1.　　Terms and phrases in this Order of Final Judgment shall have the same meaning as ascribed to them in the Settlement and papers filed in support thereof and the Court's Preliminary Approval Order. (dkt. 24.)

　　　　2.　　This Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all Settlement Class Members.

3.       On May 4, 2017, the Court granted Preliminary Approval (dkt. 24) to the Settlement and, in doing so, certified for settlement purposes only the following Settlement Class:

> All persons in the United States who were successfully sent at least one facsimile advertisement from The Coast Distribution System Inc. from July 28, 2012 to the date Notice is sent to the Class.

4.       The Court finds that the notice provided to the Settlement Class pursuant to the Agreement and order granting Preliminary Approval (including: (i) direct notice to the Settlement Class via U.S. Mail (ii) a Settlement Website, and (iii) Settlement Administrator and Class Counsel call support) fully complied with the requirements of Fed. R. Civ. P. 23 and due process, constituted notice that was reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, their right to object to or to exclude themselves from the Settlement and their right to appear at the Fairness Hearing.

5.       No Class Member has objected to any of the terms of the Settlement. Additionally, all persons who submitted a valid request for exclusion are hereby excluded.

6.       The Court finds that Defendant properly and timely notified the appropriate government officials of the Settlement in accordance with the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715. More than ninety (90) days have elapsed since Defendant provided notice pursuant to CAFA and the Fairness Hearing.

9.       This Court now gives final approval to the Settlement and finds that the Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class. The consideration provided under the Settlement Agreement constitutes fair value given in exchange for the release of the Released Claims as set forth in Sections 1.31, 3.1 and 3.2 of the Settlement against the Released Parties. The Court finds that the consideration provided to members of the

2

Settlement Class is reasonable and in the best interests of the Settlement Class Members when considering the total value of their claims compared to the disputed factual and legal circumstances of and affirmative defenses asserted in the Action, and the potential risks and likelihood of success of pursuing litigation on the merits. The legal and factual posture of this case, the amount of discovery completed, and the fact that the Settlement is the result of arms' length negotiations between the Parties, including negotiations presided over by retired Magistrate Judge Morton J. Denlow of JAMS, support this finding.

10. The Court has specifically considered the factors relevant to class settlement approval, *see*, *e.g.*, *Synfuel Techs., Inc.* v. *DHL Express (USA), Inc.,* 463 F.3d 646, 653 (7th Cir. 2006), including, *inter alia*, (1) the strength of plaintiffs' case compared to the amount of defendants' settlement offer; (2) an assessment of the likely complexity, length and expense of the litigation; (3) an evaluation of the amount of opposition to settlement among affected parties; (4) the opinion of Class Counsel, and the stage of the proceedings and amount of discovery completed at the time of settlement, and upon consideration of such factors finds that the settlement is fair, reasonable, and adequate to all concerned. The Parties are directed to consummate the Settlement in accordance with its terms.

11. The Court finds that the Class Representative and Class Counsel adequately represented the Settlement Class for the purposes of litigating this matter and entering into and implementing the Settlement.

12. Accordingly, the Settlement is hereby finally approved in all respects, and the Parties are hereby directed to implement the Settlement Agreement according to its terms and provisions. The Settlement Agreement is hereby incorporated into this Final Judgment in full and shall have the full force of an Order of this Court.

13. This Court hereby dismisses the Action, as identified in the Settlement, on the merits and with prejudice.

14. Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged the Released Claims, including Unknown Claims, against the Released Parties, or any of them, from the beginning of time to the date of Preliminary Approval, that were or could have been alleged in the Complaint by the Class Representative on behalf of the Settlement Class.

15. The Releasing Parties shall be deemed to have, and shall have, on the Effective Date, expressly waived and relinquished, to the fullest extent permitted by law all rights under 1542 of the California Civil Code and any comparable law.

16. The above release of claims and the Settlement Agreement will be binding on all pending and future lawsuits or other proceedings maintained by or on behalf of the Class Representative and all other Settlement Class Members and Releasing Parties. All Settlement Class Members are hereby permanently barred and enjoined from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on or arising out of any of the Released Claims.

17. The Court has also considered Plaintiff's Motion for attorneys' fees to Class Counsel and adjudges that a payment equal to thirty percent (30%) of the Settlement Fund less any expenses for notice and settlement administration is fair and reasonable as the market price for legal services and reimbursable expenses based on a hypothetical *ex ante* bargain between the Settlement Class and Class Counsel as evaluated based on the Settlement benefits and having considered Class Counsel's lodestar. *Americana Art China Co. v. Foxfire Printing & Packaging, Inc.*, 743 F.3d 243, 247 (7th Cir. 2014); *Florin v. Nationsbank of Georgia, N.A.*, 34 F.3d 560,

566 (7th Cir. 1994). In addition to such amounts, Class Counsel are awarded their costs and expenses as set forth in the Motion for Attorney's Fees (dkt. 28.) Such payments shall be made pursuant to and in the manner provided by the terms of the Settlement.

18.     The Court has also considered Plaintiffs' Motion and Memorandum in Support of Final Approval (dkt. 34) and the request in the Motion for Attorneys' Fees (dkt. 28), together with the supporting declarations, and the request contained therein for an incentive award to the Class Representative. The Court adjudges that Plaintiff Stone, for its efforts and commitment on behalf of the Settlement Class, shall receive $7,500 from the Settlement Fund as a fair, reasonable, and adequate incentive award under the circumstances of this case. Such payment shall be made pursuant to and in the manner provided by the terms of the Settlement Agreement.

19.     All payments made to Settlement Class Members pursuant to the Settlement that are not cashed within ninety (90) days of issuance shall, following at least one attempt to locate the Settlement Class Member, be distributed to two cy pres designees to be presented to the Court in the event there are any such funds remaining from uncashed checks.

20.     Except as otherwise set forth in this Order, the Parties shall bear their own costs and attorneys' fees.

21.     The Parties, without further approval from the Court, are hereby permitted to agree to and adopt such amendments, modifications and expansions of the Settlement and its implementing documents (including all exhibits to the Settlement) so long as they are consistent in all material respects with this Judgment and do not limit the rights of Settlement Class Members.

22.     Without affecting the finality of this Judgment for purposes of appeal, the Court shall retain jurisdiction over all matters relating to administration, consummation, enforcement,

and interpretation of the Settlement.

23. This Court hereby directs entry of this Judgment pursuant to Federal Rule of Civil Procedure 58 based upon the Court's finding that there is no just reason for delay of enforcement or appeal of this Judgment.

Dated: May 16, 2017        _____
                THE HONORABLE MATTHEW KENNELLY

6