**IN THE UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WENDELL H. STONE COMPANY, INC. d/b/a STONE & COMPANY, individually and on behalf of all others similarly situated, | Case No. 1:16-cv-07648 |
| Plaintiff, | Hon. Matthew F. Kennelly |
| v. | |
| LKQ CORPORATION, a Delaware corporation | |
| Defendant. | |

**AGREED MOTION TO APPROVE *CY PRES* DESIGNEES**

The Parties, being in agreement, hereby move this Court to approve the Northwestern

Law and Technology Initiative and the Illinois Institute of Technology, Chicago-Kent College of

Law's Institute for Science, Law, and Technology as two *cy pres* designees from the class action

settlement achieved in this case. In support, the Parties state as follows:

1.      The Parties in this case reached a Settlement Agreement that received Final

Approval from this Court on May 16, 2017. (Dkt. 39.)

2.      Following Final Approval, the Parties, together with the Settlement

Administrator, caused settlement checks to be sent to Settlement Class members in accordance

with the Settlement Agreement.

3.      There remain Settlement Checks that haven't been cashed.

4.      The Settlement Agreement, in Section 2.1(c), states:

Cy Pres payments to Cy Pres Designees for Uncashed Checks. All cash payments
issued to Settlement Class Members via check will state on the face of the check
that the check will expire and become null and void unless cashed within ninety
(90) days after the date of issuance of such check. To the extent that a check
issued to a Settlement Class Member is not cashed or negotiated within ninety

1

(90) days after the date of issuance, that Uncashed Check will be automatically deemed void and shall not be reissued, and such funds applicable to the Uncashed Check shall revert to the Settlement Fund to be paid to two Cy Pres Designees selected by the Parties and approved by the Court. In the event any checks that are mailed "bounce back," (that is, are returned in the mail as undeliverable) the Settlement Administrator shall make one attempt at re-mailing the check following reasonable attempts to verify the current address of the Settlement Class Member to whom the bounced back check was mailed. In the event there are any Remaining Settlement Funds in the Settlement Fund more than one hundred eighty (180) days after the Effective Date, then the Settlement Administrator shall pay such monies in equal amounts to the *cy pres* recipients.

5.      The Court's Final Approval Order, entered May 16, 2017, expanded these

remailing requirements to suggest that more than one mailing should be attempted, stating that:

19. All payments made to Settlement Class Members pursuant to the Settlement that are not cashed within ninety (90) days of issuance shall, following at least one attempt to locate the Settlement Class Member, be distributed to two cy pres designees to be presented to the Court in the event there are any such funds remaining from uncashed checks.

(Dkt. 39.)

6.      On July 31, 2017, the first round of Settlement Checks were mailed to Settlement

Class Members.

7.      On May 17, 2019, new checks were issued to any Settlement Class Members

whose checks hadn't been cashed within ninety-days (90).

8.      On September 24, 2018 the Settlement Administrator reported to the Parties that

approximately $370,173.32 in checks hadn't been cashed and were stale.

9.      Counsel for the Parties thereafter met and conferred. Given the Final Approval

Order's language requiring "*at least* one attempt to locate the Settlement Class Member,"

(emphasis added), Counsel for the Parties agreed to attempt a second re-mailing of the

Settlement Checks.

10.      On or about May 17, 2019 the Settlement Administrator performed a second

round of re-mailing checks to Settlement Class Members who hadn't previously cashed their

Settlement Checks.

11.     As a result of this re-mailing, an additional $92,803.04 in checks were cashed.

12.     Following this additional remailing, which carried a cost of $15,095.55, the

amount of remaining funds equals $261,293.11.

13.     While this continues to be a significant sum, it is not altogether surprising that a

percentage of Settlement Class Members did not cash their checks. Unlike cases where class

members must file claims to receive payment, and therefore are expecting a check at some point

in the future from a settlement administrator, in the instant Settlement checks were mailed out to

every class member automatically. If a Settlement Class Member disregarded the notice in the

case, they would not necessarily be expecting payment.

14.     The Parties do not think an additional remailing, beyond the two that have been

performed, would be worth the added expense or effort. At this point, due process has been

satisfied.

15.     Under the terms of the Final Approval Order, the Parties are left to present two

proposed *cy pres* designees for the Court's approval.

16.     The Parties hereby nominate the Northwestern Law and Technology Initiative and

the Illinois Institute of Technology, Chicago-Kent College of Law's Institute for Science, Law,

and Technology to receive the *cy pres* funds remaining in this case.

17.     The Northwestern Law and Technology Initiative operates at the intersection of

law and technology "including legal-services delivery technologies and laws and regulations

governing technologies." The Initiative "is a partnership between Pritzker School of Law,

McCormick School of Engineering, and external partners" such as law firms, legal aid

organizations, and courts. In addition to monthly meetings, the Initiative hosts training seminars, academic workshops, and speakers.[1]

18.     Similarly, the Illinois Institute of Technology, Chicago-Kent College of Law's Institute for Science, Law, and Technology is a not-for-profit organization that examines the intersection of law and technology. As explained on the Institute's website:

> ISLAT employs a team of professors, legal fellows, and research assistants to conduct cutting-edge legal and policy research on emerging science and technology issues. Recently-completed ISLAT projects include a paper on the risks of virtual clinical trials, a book chapter on the intersection of genetics and art, and a paper on the privacy policies, permissions, and transmissions of mobile diabetes apps. ISLAT has worked with legislators, lawyers, and journalists to help craft policy and spread awareness of important science and technology issues related to genetics, reproductive technologies, and internet privacy.[2]

19.     Both organizations serve the function of presenting the next best option when the Parties have demonstrated they are unable to get the funds directly into the hands of the Settlement Class Members.

20.     This Court retains authority to approve the cy pres designees. As this Court stated in *Physicians Healthsource, Inc. v. A-S Medication Sols. LLC*:

> In *Holtzman 2*, the Seventh Circuit approved the district judge's determination that unclaimed funds would go back to the defendant, but the court also said that a *cy pres* distribution may be appropriate. *See Holtzman 2*, 828 F.3d at 608 ("A district judge might conclude that the inability to track down the current address of a person who has moved should not automatically benefit the wrongdoer.").

No. 12 C 5105, 2018 WL 6179094, at *2 (N.D. Ill. Nov. 27, 2018). The Parties made multiple attempts to return the settlement fund to the class members. It is now appropriate to distribute the remaining funds evenly to the two designees.

---

[1] *See* http://www.law.northwestern.edu/law-school-life/events/law-and-technology/ (last visited October 23, 2019).

[2] *See* https://www.kentlaw.iit.edu/institutes-centers/institute-for-science-law-and-technology (last visited October 23, 2019).

WHEREFORE, Plaintiff Stone and Defendant LKQ pray for an order approving the two

*cy pres* designees and directing the Settlement Administrator to timely remit such funds and for

such additional relief as this Court deems necessary, reasonable, and just.


Counsel for Plaintiff                                Counsel for Defendant


 /s/ Steven L. Woodrow                                /s/ George R. Dougherty

Steven L. Woodrow                                    George R. Dougherty
(swoodrow@woodrowpeluso.com)                         (gdougherty@shb.com)
Patrick H. Peluso                                    Shook Hardy & Bacon LLP
(ppeluso@woodrowpeluso.com)*                         111 S. Wacker Dr.
Woodrow &amp; Peluso, LLC                            Suite 4700
3900 East Mexico Ave., Suite 300                     Chicago, IL 60606
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Marc McCallister
mmccallister@gmail.com
Gary D. McCallister &amp; Associates
120 North LaSalle St., #2800
Chicago, IL 60602
(312) 345-0611

*pro hac vice

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on December 6, 2019, I served the above and foregoing papers by causing such paper to be filed with the Court using the Court's electronic filing system, which will send copies of such paper to all counsel of record.

/s/ Steven L. Woodrow